*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re GRUMBLEY.

FREDERICK HARVEY GRUMBLEY,

        Plaintiff-Appellant,

v

70TH DISTRICT COURT JUDGE,

        Defendant-Appellee.

UNPUBLISHED
March 23, 2023

No. 360508
Saginaw Circuit Court
LC No. 21-045995-02-AS

Before: GLEICHER, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Plaintiff Frederick Harvey Grumbley filed this action in the circuit court seeking writs of habeas corpus and superintending control. The circuit court denied both. Grumbley appeals only the superintending control ruling, which we affirm.

In 2004, Grumbley was convicted of several charges including extortion, MCL 750.213, and is currently incarcerated. He appealed his convictions, and this Court affirmed. *People v Grumbley*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2006 (Docket No. 261275) *(Grumbley I)*. The Supreme Court denied his application for leave to appeal. *People v Grumbley*, 480 Mich 854; 737 NW2d 726 (2007).

Grumbley's motion for superintending control asserts that he was improperly bound over for trial on the extortion charge because the information identified the victim of the extortion as a friend of his, and the evidence adduced at the preliminary examination supported only that he had extorted his 13-year-old half-sister and not his friend. He also challenges the amendment of the criminal complaint adding several charges.

"Superintending control is an extraordinary power that the court may invoke only when the plaintiff has no legal remedy and demonstrates that the court has failed to perform a clear legal duty." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 347; 675

-1-

NW2d 271 (2003). The Supreme Court continued, "[I]f a plaintiff has a legal remedy by way of appeal, the court may not exercise superintending control and must dismiss the complaint." *Id*. See also *Pub Health Dep't v Rivergate Manor*, 452 Mich 495, 500; 550 NW2d 515 (1996) ("An order of superintending control will not be granted when the party seeking the order is entitled to pursue an appeal."). A writ of superintending control is not a substitute for an appeal. *People v Burton*, 429 Mich 133, 141; 413 NW2d 413 (1987).

Grumbley raised or could have raised his current claims on appeal. He may not litigate these grievances in an action for superintending control.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado